# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY GREEN, | * | |
| Petitioner | * | |
| v | * | Civil Action No. GJH-16-3859 |
| WARDEN LAURA Y. ARMSTEAD and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

In response to the above-entitled Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254, Respondents seek dismissal of the petition as untimely. ECF No. 6. Petitioner has filed a Reply to the Limited Answer. ECF No. 8. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons set forth below, the petition shall be dismissed as untimely and a certificate of appealability shall not issue.

**Background**

On February 24, 1997, Petitioner pled guilty to charges of first degree murder and use of a handgun in the commission of a crime of violence in the Circuit Court for Anne Arundel County, Maryland. ECF No. 6 at Ex. 1, p. 6.

On April 9, 1997, Petitioner was sentenced to life imprisonment for first degree murder and 15 years consecutive for use of a handgun. *Id*. at p. 4. The sentences were given a starting date of August 3, 1996. *Id*. Petitioner did not seek appellate review of the guilty plea proceedings, therefore his conviction became final when the time for seeking such review expired on May 9,

1997. *See* Md. Rule 8-204 (application for leave to appeal must be filed within 30 days after entry of judgment).

On July 7, 1997, Petitioner filed a motion for reduction of sentence which was denied the same day it was filed. ECF No. 6 at Ex. 1, p. 9.

On January 25, 2006, Petitioner, through counsel, sought post-conviction relief in the Circuit Court for Anne Arundel County. *Id.* at p. 10. After a hearing on October 1, 2007, the Circuit Court denied post-conviction relief "for the reason dictated into the record." *Id.* at p. 11. Petitioner did not file an application for leave to appeal the denial of post-conviction relief.

On February 9, 2015, Petitioner filed a motion to correct illegal sentence, which was denied on March 23, 2015. *Id.* at p. 12.

Petitioner appealed the denial of the motion to the Court of Special Appeals and the denial of the motion to correct illegal sentence was affirmed by order dated March 15, 2016. *See Green v. State*, Slip No. 1019, 2016 WL 1033333 (Md. Ct. Sp. App. 2016) (unpublished). A petition for writ of certiorari seeking further review by the Maryland Court of Appeals was denied on June 24, 2016. *See Green v. State*, 448 Md. 315 (2016).

For purposes of this Petition, Petitioner's conviction became final on May 9, 1997, and the one-year filing period for federal habeas relief began running on that date.

**Standard of Review**

As a preliminary matter, any Petition for Writ of Habeas Corpus filed pursuant to § 2254 must be filed within the time limits applicable to that section. Under the provisions of 28 U.S.C. § 2244, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708.

## Analysis

Petitioner claims that "the sentencing court did not follow the procedure of Art. 27 [§]638C" which, in his view, "mandates that a specific procedure take place which would result in a diminished life sentence." ECF No. 1 at pp. 5-6. He further claims that the trial court's failure to follow the procedure is a denial of his rights to due process.[1] *Id*. at p. 6. Petitioner also states that his petition in this Court has been filed within the one-year deadline. *Id*. at p. 5.

In his Reply, Petitioner appears to claim that because the Maryland courts may correct an illegal sentence at any time and his Motion to Correct Illegal Sentence was timely, the Petition pending before this Court is also timely. ECF No. 8 at p. 3. At the time Petitioner filed his Motion to Correct Illegal Sentence, however, the filing deadline for federal habeas relief had already expired on May 11, 1998, one year from the date his conviction became final. Nothing was filed in Petitioner's state criminal case that operated to toll the one-year filing period. Neither the post-conviction petition filed January 25, 2006, approximately 8 years after the deadline expired, nor the Motion to Correct Illegal Sentence, filed February 9, 2015, approximately 17 years after the filing deadline had expired, tolled the federal filing deadline. The petition is untimely and Petitioner has not offered a viable claim for equitable tolling. The petition must therefore be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v.*

---

[1] The claims asserted appear to be identical to the claims raised in Petitioner's Motion to Correct Illegal Sentence. *See Green v. State*, Slip No. 1019, 2016 WL 1033333 *2 (Md. Ct. Sp. App. 2016).

*McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not demonstrated that this petition warrants the issuance of a certificate of appealability and this Court declines to issue one. He may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

      A separate Order follows.

February 28, 2019                           /s/_____
Date                                               GEORGE J. HAZEL
                                                  UNITED STATES DISTRICT JUDGE